## Commonwealth Title Insurance and Trust Co., Trustee, etc., v. Midland Pennsylvania Railroad Co.

*Corporations—Mortgages—Foreclosure—Order of court—Failure to comply with requirements—Distribution—Bondholders—Forfeiture of rights.*

Where, upon foreclosure of a corporation mortgage and sale of the corporate property, the court makes a decree calling for the presentation to the trustee named in the deed of trust of all claims against the corporation, and decrees that "all claims not presented shall be forever barred," bondholders who fail to comply with the order of court will not be permitted to participate in the distribution of proceeds. Exceptions filed by such bondholders, without showing any substantial reason for their failure to comply with the order of court, will be dismissed.

Exceptions to distribution. C. P. Dauphin Co., Equity Docket, No. 665.

*Frederick C. Newbourg,* for exceptants; *Charles H. Bergner,* contra.

Fox, J., Jan. 31, 1922.—In this matter a bill to foreclose a mortgage was filed on Oct. 6, 1920, and on Dec. 14, 1920, a decree was made, in which it was, amongst other things, decreed: "That the property described in the bill should be sold by the trustee at public sale, unless within five days after the service

1 D. & C.

Commonwealth T. I. & T. Co., Trustee, etc., *v.* Midland Penna. R. R. Co.

of a copy of the decree the defaults in the payment of interest, taxes due the Commonwealth, to the sinking fund, etc., should be made good and settled; and

"5. That after confirmation of the sale and payment of the entire purchase money to the trustee, in the manner provided for in this decree, the trustee shall, by advertisement once a week for two weeks in a newspaper published in the City of Harrisburg, and a newspaper published in the City of New York, and a newspaper published in the City of Philadelphia, give notice that on a day and hour certain the said trustee will, at its office, Northwest corner of 12th and Chestnut Streets, Philadelphia, receive claims arising on said bonds or coupons belonging thereto, and hear all persons interested therein, or alleging to have or hold claims against the mortgagor company; and all claims not presented shall be forever barred from participation in the proceeds arising from the sale, etc."

The sale was made, and the trustee on Jan. 14, 1921, presented and filed its report of distribution. To this report exceptions were filed on behalf of the holders of bonds secured by the deed of trust, which bonds were not presented to participate in the distribution of the funds derived from the proceeds of the foreclosure sale.

The holders of these bonds did not comply with the 5th paragraph of the decree above quoted, in that they did not present the same to the trustee for distribution at the time fixed for hearing claims. No substantial reason is given for their failure to comply with the decree of the court, nor do they show any good reason why they should at this late date be permitted to participate.

Wherefore the exceptions are overruled; the report of the trustee is confirmed absolutely, and distribution is ordered to be made in accordance therewith.

From William Jenkins Wilcox, Harrisburg, Pa.